# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

TAEGER OSBURN,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:17-4236

PRECISION CAST CORPORATION
d/b/a HUNTINGTON ALLOYS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Plaintiff's Motion to Remand (ECF No. 7), Plaintiff's Motion for Leave to Amend Complaint and/or Substitute Parties (ECF No. 8), and Defendant's Motion to Dismiss (ECF No. 4). For reasons specified herein, Plaintiff's Motion to Remand is **DENIED**, Plaintiff's Motion to Amend is **GRANTED**, and Defendant's Motion to Dismiss is **DENIED as moot**.

### I.    Background

Plaintiff filed the present Complaint in Cabell County, West Virginia on May 12, 2017 (ECF No. 1). Defendant removed the case to this Court on October 27, 2017 based on both federal question and diversity jurisdiction (ECF No. 1). Plaintiff filed a Motion to Remand on November 9, 2017, alleging that there is no federal question presented and that the amount in controversy is less than $75,000, thereby defeating diversity jurisdiction (ECF No. 7).

While his Motion to Remand has been pending, Plaintiff has also filed a Motion to Amend (ECF No. 9). Plaintiff admits that he mistakenly named the wrong party as a defendant in his case,

but requests leave to amend his Complaint to name the proper defendant (ECF No. 8). Though Defendant opposes the motion, arguing that amendment would be futile, Defendant also asserts that it was inappropriately named in this suit (ECF No. 11).

Finally, though it maintains that it was improperly named as a party in this suit, Defendant has also asked this Court to dismiss Plaintiff's Complaint based on preemption and statute of limitations defects (ECF No. 5). Plaintiff opposes dismissal (ECF No. 8).

## II. Analysis

### a. Motion to Remand

A civil action brought in state court over which federal courts have original jurisdiction may be removed to federal court by a named defendant in the action. 28 U.S.C. § 1441(a) (2017). Federal district courts have original jurisdiction over a civil action in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332 (2011). Where a party to the action is a corporation, the corporation is deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). "Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper." *Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730, 734 (4th Cir. 2009) (unpublished opinion). A defendant must prove proper jurisdiction by a preponderance of the evidence. *Id. See also McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D.W.Va. 2001).

#### i. Calculation of Amount in Controversy

Where a plaintiff does not specify a dollar amount in his prayer for relief, the Court must determine the amount in controversy in a given case. *McCoy*, 147 F.Supp.2d at 489. To do so, the Court should use common sense to consider what the plaintiff would recover if he was to prevail

on the merits of his case. *Id*. The Court should "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id*.

In the present Complaint, Plaintiff alleges that he has suffered "mental anguish, worry and distress, loss of income and substantial annoyance and inconvenience" (ECF No. 1-1). Plaintiff does not, however, list a sum certain in his prayer for relief (ECF No. 1-1). In its Notice of Removal, Defendant informed the Court that, at the time Plaintiff was discharged from his employment, he was earning approximately $102,648.00 per year in income (ECF No. 1). Plaintiff alleges that he was wrongfully discharged in June, 2015 and that he has suffered over two years of lost wages as a result (ECF No. 1-1). Solely in calculation of alleged lost income, then, the amount Plaintiff seeks in damages far exceeds $75,000. Accordingly, the jurisdictional requirements for the amount in controversy are met. *See Shumate v. DynCorp Intern. LLC*, 2012 WL 830241, at *5 (S.D.W.Va. Mar. 9, 2012) (unpublished opinion) (finding that the amount in controversy requirement was satisfied when the plaintiff claimed lost wages of $135,000 in addition to other relief).

### ii. Effect of Attempted Stipulation

Plaintiff attempts to refute Defendant's assertion of the amount in controversy in this case by including in his Motion to Remand: "The Plaintiff, Taeger Osburn hereby stipulates that the amount in controversy is less than Seventy-Five Thousand ($75,000.00) Dollars" (ECF No. 7). It is well-established law, however, that "plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum." *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 564 (5th Cir. 1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

292 (1938)), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 222 (5th Cir. 1998).

In order to use a stipulation of the amount in controversy to successfully avoid federal jurisdiction in this District, a plaintiff must provide a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy*, 147 F.Supp.2d at 485. *See also* 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702.4 (4th ed. 2017) ("[T]o be effective, . . . any [stipulation limiting damages sought] must be filed prior to removal."). Some courts have held that the stipulation must also be filed contemporaneously with the complaint and must be signed and notarized. *Kittredge v. Navy Fed. Credit Union*, 2016 WL 47877, at *2 (N.D.W.Va. Jan. 4, 2016) (unpublished opinion). Finally, some courts require that a stipulation accompany a complaint that states a sum-certain prayer for relief in order to be effective. *McCoy*, 147 F.Supp.2d at 485.

Oftentimes, informal and non-binding stipulations, even if filed before removal, will not prevent federal jurisdiction. *See Dash v. FirstPlus Home Loan Owner Trust*, 248 F.Supp.2d 489, 450 (M.D.N.C. 2003) (declining to remand even though the plaintiffs had included in their complaint a non-binding stipulation that they would not seek more than $75,000 in compensatory damages because defendants showed, by a preponderance of the evidence, that the damages plaintiffs pled, if proven, would entitle the plaintiffs to recovery in excess of $75,000). Likewise, even properly executed stipulations may fail to prevent federal jurisdiction if the complaint fails to state a sum certain prayer for relief. *See Kittredge*, 2016 WL 47877, at *3 (finding that even an enforceable, unambiguous stipulation that damages were less than $75,000 that had been submitted together with the plaintiff's complaint in state court did not, on its own, require remand because the plaintiff had failed to include a sum-certain prayer for relief in the complaint).

Defective stipulations filed after removal are even less likely to succeed in preventing the exercise of federal jurisdiction. *See McCoy*, 147 F.Supp.2d at 485. Courts will remand cases to state court based on post-removal stipulations of amounts in controversy only under unique circumstances. *See Walker v. Lowe's Home Centers, Inc.*, 2010 WL 1404300, at *2 (S.D.W.Va. Mar. 30, 2010) (unpublished opinion) (remanding where the defendant joined in the post-removal stipulation that damages would not exceed $75,000).

In this case, Plaintiff's attempt to stipulate to an amount in controversy below jurisdictional limits is defective for many reasons. First, Plaintiff has made the attempt only after removal has already been effectuated. He did not file any stipulation or affidavit with his Complaint in state court, let alone one that was formally executed and unambiguously enforceable there. Additionally, Plaintiff's assertion of his case's value in his Motion to Remand is not a binding stipulation of the kind required by courts in this District, nor does his Complaint state a prayer for relief for a sum certain. Finally, Plaintiff's request for remand does not fall within an exception or qualify as a unique circumstance such that remand would be warranted. Defendant contests Plaintiff's request for remand and Plaintiff has shown no other extenuating circumstances that except his case from the general rules set forth here.

Plaintiff's attempted stipulation, therefore, does not change the Court's findings on the issue of the amount in controversy in this case. Accordingly, the Court **FINDS** that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

### iii. Diversity of Citizenship

As for citizenship, Plaintiff noted in his Complaint that he is a resident of Wayne County, West Virginia (ECF No. 1-1). Defendant asserts in its Notice of Removal that it is a citizen of

Oregon both because it is incorporated in Oregon and because its principal place of business is located in Portland, Oregon (ECF No. 1). Because Plaintiff is a citizen of West Virginia and Defendant is a citizen of Oregon, the Court **FINDS** that there is diversity of citizenship among the parties in this case.

Defendant has proven, by a preponderance of the evidence, both the amount in controversy and the diversity requirements of diversity jurisdiction. Accordingly, the Court **FINDS** that it has original jurisdiction over the present matter and **DENIES** Plaintiff's Motion to Remand (ECF No. 7). Because removal is proper on the basis of diversity jurisdiction, the Court does not reach the issue of federal question jurisdiction at this time.

### b. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a plaintiff may amend his Complaint with the opposing party's written consent or with the leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Fourth Circuit has interpreted this language liberally, ruling that leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original). Because Precision Castparts Corp. is allegedly not the proper defendant in this case, the Court does not reach its argument of futility of amendment. The Court finds no bad faith on Plaintiff's part nor does it find that Defendant would be prejudiced by amendment. Plaintiff's Motion to Amend (ECF No. 8) is therefore **GRANTED**. Plaintiff is **ORDERED** to file an Amended Complaint with the Court within seven days from the date of this Order.

### c. Motion to Dismiss

Plaintiff and Defendant have both acknowledged to the Court that Defendant is not the proper defendant to be named in this case. Accordingly, Defendant's Motion to Dismiss (ECF No. 4) is **DENIED as moot**. Defendant will presumably be dismissed from this case following Plaintiff's amendment to his Complaint.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**, Plaintiff's Motion for Leave to Amend Complaint and/or Substitute Parties (ECF No. 8) is **GRANTED**, and Defendant's Motion to Dismiss (ECF No. 4) is **DENIED as moot**. Plaintiff is **ORDERED** to file an Amended Complaint no later than December 7, 2017. Because the Court has granted Plaintiff's Motion to Amend and a new defendant will be named in this case, the Court **CANCELS** the scheduling conference currently scheduled for December 18, 2017 at 11:30 a.m.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 30, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE