IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAEGER OSBURN,

                Plaintiff,

v.                                          CIVIL ACTION NO.  3:17-4236

HUNTINGTON ALLOYS CORPORATION,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant's Motion to Dismiss. ECF No. 19. For reasons discussed herein, Defendant's Motion is **GRANTED**.

**I.      Background**

Defendant hired Plaintiff as an employee on June 8, 1995. ECF No. 18, at 1. Plaintiff alleges that on August 13, 2012, Defendant and Plaintiff entered into a Collective Bargaining Agreement ("CBA"). *Id*. According to Plaintiff, the CBA included a provision that "assure[d] that an employee who [had] successfully completed participation in diagnosis, treatment, and rehabilitation [for alcohol abuse] [would] not, as a consequence of that participation, jeopardize [his] job security and/or promotional opportunities." *Id*.

Following a series of events beginning in May 2015, a representative from Defendant called Plaintiff on June 1, 2015, and informed him that he had been fired from his employment with Defendant. ECF No. 18, at 3. Plaintiff alleges that there was a hearing regarding Plaintiff's termination held on June 15, 2015, but that he received a letter "a few days" thereafter informing Plaintiff that no further action would be taken and that his termination was therefore final. *Id*.

Plaintiff first filed his case in West Virginia state court in May 2017. ECF No. 1-1. After Defendant removed the case to this Court, Plaintiff filed the present Amended Complaint on December 21, 2017. ECF No. 18. In it, he alleges that he was wrongfully terminated by Defendant and that, by wrongfully terminating Plaintiff, Defendant breached the relevant CBA. *Id*.

Defendant filed a Motion to Dismiss Plaintiff's case on December 21, 2017. ECF No. 19. Defendant asserts that Plaintiff's claim is preempted by the Labor Management Relations Act ("LMRA") because it is based on an alleged breach of a CBA. Defendant argues that, because the relevant statute of limitations for LMRA claims is six months and Plaintiff did not file his case within six months of the date of the alleged injury, his claims are now time-barred and must be dismissed.

## II. Standard of Review

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id*.

## III. Preemption of Claim

Defendant first argues that Plaintiff's claim for wrongful termination is preempted by the provisions of the LMRA. ECF No. 19. Plaintiff argues that his claim is not preempted by the

LMRA because his state law claim of wrongful discharge does not require interpretation of the CBA underlying his employment with Defendant. ECF No. 24.

Plaintiff's Amended Complaint sets forth a single claim labeled "WRONGFUL TERMINATION." *See* ECF No. 18. Plaintiff specifies in his Amended Complaint that, at the time of his dismissal, he and Defendant were parties to a CBA and that Defendant allegedly breached the terms of that CBA in terminating Plaintiff. *Id*.

Section 301 of the LMRA empowers district courts to hear suits arising from violations of CBAs. 29 U.S.C. § 185(a). Additionally, Section 301 "not only provides federal-court jurisdiction over controversies involving [CBA]s, but also authorizes federal courts to fashion a body of federal law for the enforcement of these [CBA]s." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988) (internal citation and quotation omitted). In fact, in cases involving disputes regarding CBAs, courts are required to "resort to federal rules of law in order to ensure uniform interpretation of [CBA]s, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Id*., at 404. "[I]f the resolution of a state-law claim depends upon the meaning of a [CBA], the application of state law . . . is pre-empted [and Section 301] must be employed to resolve the dispute." *Id*., at 406.

Plaintiff argues now that his claim is based on West Virginia state law and stands independent of any cause of action created by Section 301 such that it is not preempted. ECF No. 24. It is true that "even if dispute resolution pursuant to a [CBA], on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for Section 301 preemption purposes." *Lingle*, 486 U.S. at 409–10.

In *Lingle*, the Supreme Court considered a wrongful termination claim brought by a plaintiff who had been fired after filing a workers' compensation claim in Illinois. *Id.*, at 401. In Illinois, state courts "[had] recognized the tort of retaliatory discharge for filing a worker's compensation claim . . ." *Id.*, at 406. The courts had plainly delineated the state law tort and clearly defined the elements required for recovery pursuant to that tort. *Id.*, at 407. The Supreme Court found that the elements, as defined by Illinois courts, involved inquiries that were exclusively factual in nature. *Id.* Accordingly, the Supreme Court ruled that "the state-law remedy in [that] case [was] 'independent' of the [CBA]" for purposes of Section 301 preemption. *Id.* The Court ultimately went on to find that, because resolution of the state law claim was independent of the CBA, the plaintiff's claims were not preempted by Section 301. *Id.*

Plaintiff argues that his case is like the *Lingle* case such that his claim stands independent of the CBA in this case and is therefore immune from Section 301's preemption. The Court considers, then, whether West Virginia state courts would recognize an independent cause of action for Plaintiff's claim of wrongful termination. If the state courts would recognize an independent cause of action, Plaintiff's claim would be independent of the CBA and therefore would be able to avoid Section 301's preemptive authority.

"In West Virginia, it has been a long-established rule that when a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract." *Swears v. R.M. Roach & Sons, Inc.*, 696 S.E.2d 1, 5 (W.Va. 2010) (internal citation and quotation omitted). "[A]bsent some substantial public policy exception to the at-will employment doctrine, an employee may be terminated at any time, with or without cause." *Id.*, at 6. The Supreme Court of West Virginia has created an independent cause of action for a discharged employee only in the instance "where the employer's motivation for the discharge is to contravene some substantial

public policy principle . . . ." *Id.*[1] Generally, however, the state courts have declined to find any such independent cause of action. *See Herbert J. Thomas Memorial Hospital Association v. Nutter*, 795 S.E.2d 530 (W.Va. 2016) (finding no independent cause of action for employee who was terminated after alleging that her employer was in violation of public policy because she had no concrete evidence of the alleged violation); *Swears*, 696 S.E.2d at 7 (finding no independent cause of action for employee who was terminated after reporting that he suspected one of his employers of criminal activity).

In his Amended Complaint, Plaintiff makes no argument that his termination was in violation of a "substantial public policy principle." *See* ECF No. 18. Even so, in an effort to construe all facts in a light most favorable to Plaintiff, the Court considers whether Plaintiff's claim could be rooted in a substantial public policy principle such that it could stand independent of the CBA's terms. Doing so, the Court finds it could not. The Court does not detect a violation of a clear public policy that "was manifested in a state or federal constitution, statute or administrative regulation, or in the common law;" it does not appear that allowing dismissal "under circumstances like those involved in [Plaintiff's] dismissal would jeopardize the public policy;" there is no allegation that "plaintiff's dismissal was motivated by conduct related to the public policy;" and, finally, the Court does not find that Defendant "lacked overriding legitimate business justification for [Plaintiff's] dismissal." *See Feliciano*, 559 S.E.2d at 723 (setting forth West Virginia's elements for finding an independent cause of action for wrongful termination). Because Plaintiff's

---

[1] Examples of these independent causes of action arising from contraventions of public policy include terminating an employee because the employee exercised his legal right to self-defense, *Feliciano v. 7-Eleven, Inc.*, 559 S.E.2d 713, 719 (W.Va. 2001), and terminating an employee in retaliation for that employee's decision to provide information to a government regulator in compliance with relevant rules and regulations, *Kanagy v. Fiesta Salons, Inc.*, 541 S.E.2d 616, 622 (W.Va. 2000).

termination does not present a violation of a "substantial public policy principle," the Court finds that his claim cannot stand on its own under the laws of West Virginia. Therefore, Plaintiff's claim cannot stand "independent" of the CBA at issue in his case.

While it is true that "not every dispute concerning employment, or tangentially involving a provision of a [CBA] is pre-empted by Section 301," "state-law rights and obligations that do not exist independently of private agreements . . . are preempted [by Section 301]." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 213 (1985). Because the Court has found that Plaintiff's claim cannot exist independently of the relevant CBA, the Court finds, too, that the claim is therefore "inextricably intertwined with consideration of the terms of the [CBA]," *Allis-Chalmers Corp.*, 471 U.S. at 213, and is therefore preempted by the terms of Section 301.

## IV. Statute of Limitations

Finding that Plaintiff's claim is preempted by the LMRA, the Court turns next to Defendant's argument that, under the provisions of the LMRA, Plaintiff's claim is now time-barred. Defendant asks the Court to dismiss Plaintiff's claim because the LMRA's six-month statute of limitations expired well before Plaintiff filed his case. ECF No. 19. Plaintiff rests his objections to Defendant's motion in arguments that his claim is not preempted, and he therefore did not answer Defendant's argument regarding the LMRA's statute of limitations. *See* ECF No. 24.

The statute of limitations is an affirmative defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Generally, a motion to dismiss filed pursuant to Federal Rule of Procedure 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id*. Considering such a defense in the context of a motion to dismiss is only permissible "in the relatively rare circumstances where facts sufficient to rule on

an affirmative defense are alleged in the complaint . . ." *Id*. In such circumstances, "all facts necessary to the affirmative defense [must] clearly appear on the face of the complaint." *Id*. (internal citation and quotation omitted). The Court finds that Plaintiff alleged in his Amended Complaint sufficient facts for the Court to now examine Defendant's argument regarding the applicable statute of limitations.

Finding that Plaintiff's claim sounds in Section 301 of the LMRA, the Court examines the applicable statute of limitations in this case. Claims rooted in Section 301 are subject to a six-month statute of limitations. *Smith v. United Parcel Service, Inc.*, 776 F.2d 99, 100 (4th Cir. 1985) (citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983)). A plaintiff claiming that his employer breached a CBA, therefore, must bring his case within six months of the alleged breach. *Id*. Otherwise, his claims for breach are time-barred and must be dismissed. *Id*.

Plaintiff claims in his Amended Complaint that he was terminated from employment on June 1, 2015. ECF No. 18. He also indicates that representatives of Defendant held a meeting regarding Plaintiff's termination on June 15, 2015. *Id*. Reading all facts in a light most favorable to Plaintiff, as is required in the Court's consideration of Defendant's Motion to Dismiss, the Court finds that Plaintiff's termination became final, at the latest, in June 2015. Therefore, Plaintiff's cause of action accrued and the six-month statute of limitations period began to run in June 2015. Given these findings, Plaintiff must have filed his claim for breach of the CBA no later than December 2015.

Plaintiff first filed the present claim in West Virginia state court in May 2017, nearly two years after the alleged breach and 17 months after the expiration of the relevant statute of limitations. The Court therefore finds that Plaintiff failed to file his claim within the allotted statute

of limitations period and that his claim is now time-barred. Accordingly, Plaintiff's claim must be dismissed at this time.

V.  **Conclusion**

For the reasons discussed herein, Defendant's Motion to Dismiss, ECF No. 19, is **GRANTED** and Plaintiff's case is **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 9, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE